

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALLY FINANCIAL INC.      :

    Plaintiff,      :

                   :

v.      :      CIVIL ACTION NO.

                   :      11-CV-4694

TANYA L. BLACKWELL      :

    Defendant.      :

**FILED JUL 2 2011**

---

## VERIFIED COMPLAINT

Plaintiff, Ally Financial Inc. sues Tanya L. Blackwell, Esquire and says:

## PARTIES

1.    Plaintiff, Ally Financial Inc. ("Ally") is a corporation organized under the laws of the state of Delaware, whose principal place of business is located at 200 Renaissance Center, P.O. Box 200, Detroit, Michigan 48265-2000.

2.    Defendant, Tanya L. Blackwell, Esquire ("Defendant" or "Blackwell") is a former employee of Ally who is a citizen of Pennsylvania and resides at 800 N. 2nd Street, Unit 168, Philadelphia, Pennsylvania 19123.

3.    While employed by Ally, Defendant worked at Ally's Fort Washington, Pennsylvania location.

## JURISDICTION AND VENUE

4.    This court has jurisdiction of the claims asserted in this Complaint pursuant to 28 U.S.C. § 1332 in that Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest

and costs.  Immediate injunctive relief is sought pursuant to Federal Rule of Civil Procedure 65(a).

5.      Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action occurred within the Eastern District of Pennsylvania, and Defendant is subject to personal jurisdiction in this District.

## FACTS

6.      Ally is one of the world's largest automotive financial services companies offering a full suite of automotive financing products and services in key markets around the world.  Ally additionally operates a mortgage operations unit which focuses primarily on the residential real estate market in the United States, with business activities including the origination, purchase, servicing, sale and securitization of residential mortgage loans.

7.      Defendant's employment with Ally's subsidiary, GMAC Mortgage LLC ("GMAC") commenced on or about January 10, 2011 where she worked as a Foreclosure Specialist in GMAC's Residential Capital ("ResCap") business unit in Fort Washington, Pennsylvania.  Within the ResCap unit, Defendant was a member of the Collateral Remediation team with specific and limited duties.

8.      At the inception of her employment, Defendant executed an extensive Ally Conflict of Interest Questionnaire ("Questionnaire") which requires employees to disclose potential conflicts of interest.  Further, the Questionnaire clearly advised Defendant that she had a duty to act solely in the best interests of Ally and to provide Ally with her individual loyalty.

9.      During Defendant's employment, Defendant also agreed to abide by Ally's Code of Conduct and Ethics ("Code of Conduct").  Ally's Code of Conduct states:

2

Ally employees have a duty to act solely in the best interests of Ally and to provide Ally with our individual loyalty. Do not exploit your position with Ally for personal gain.

10.     The Code of Conduct specifically states that "[n]o employee or member of any employee's household should have a material interest or investment in any service provider, supplier, customer, or competitor of Ally that could create a conflict of interest (including interests in subsidiaries or joint ventures of Ally) . . . ."

11.     During Defendant's employment, she had extensive access to Ally's confidential and proprietary information.

12.     In addition to e-mail and intranet access, Defendant had access to Ally's Loanserv program, LPS-process management, LPS-document management, invoice management, network sharing (K) drive, ISS and Looking Glass, as well as Ally's policies, procedures, and materials.

13.     Ally terminated Defendant's employment on June 23, 2011 for, among other things, failing to disclose a clear conflict of her dual employment as a Foreclosure Specialist with Ally and as a practicing "foreclosure defense" attorney.

14.     Upon information and belief, at all times during her employment with Ally, Defendant operated the Law Office of Tanya L. Blackwell with offices in Philadelphia and Washington, D.C.

15.     Defendant describes her law firm practice on her LinkedIn web page as "a plaintiff only firm" with a practice focus on, among other things, foreclosure defense litigation.

16.     Defendant never disclosed to Ally that she was an attorney much less that her law firm actively represents that it is adverse to financial services companies such as Ally.

17.     Upon information and belief, Defendant intentionally misrepresented her education and employment background to Ally on her employment application with Ally. The application Defendant completed for Ally specifically states:

> BY COMPLETING THIS APPLICATION YOU ACKNOWLEDGE THAT YOU HAVE READ THE INSTRUCTIONS AND QUESTIONS AND THAT THE INFORMATION PROVIDED IS, TO THE BEST OF YOUR KNOWLEDGE, TRUE AND CORRECT. KNOWING MISREPRESENTATION OR WITHHOLDING OF ANY FACT OR CIRCUMSTANCE MAY RESULT IN DENIAL OR TERMINATION OF EMPLOYMENT. ALL INFORMATION PROVIDED WILL BE VERIFIED FOR COMPLETE ACCURACY BY A THIRD-PARTY BACKGROUND CHECK VENDOR. OFFERS OF EMPLOYMENT ARE CONDITIONED UPON A COMPLETE AND CLEAR PRE-EMPLOYMENT BACKGROUND CHECK, DRUG TEST AND, IF APPLICABLE, COMPLIANCE WITH REGULATORY LICENSING REQUIREMENTS.

Notwithstanding, Defendant failed to disclose both that she had attended law school and that she is a practicing attorney with a law practice adverse to Ally's interests.

18.     Ally later discovered that prior to her termination, Defendant improperly obtained proprietary and confidential company information, including but not limited to: organizational charts for Ally's foreclosure operations; numerous confidential internal emails not addressed to her attention, including emails consisting of an attorney-client privileged nature; and customer information for Ally mortgage accounts not assigned to her, which included account numbers, customer names and addresses.

19.     Defendant improperly forwarded Ally's proprietary and confidential information to her personal email account which information, upon information and belief, was subsequently disseminated to third parties.

20.     By letter dated July 21, 2011, undersigned counsel requested that Defendant immediately return all of Ally's confidential and proprietary information.  To date, no such information has been returned by Defendant.

4

## COUNT ONE
## Injunctive Relief

21.     Ally repeats and incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

22.     By virtue of the allegations set forth herein, Ally has demonstrated a likelihood of success on the merits and that a balancing of the equities favors the issuance of an injunction against Defendant.

23.     Unless Defendant is temporarily, preliminarily, and/or permanently enjoined from the foregoing conduct, Ally will be irreparably harmed by:

(a)     Disclosure of privileged internal emails and correspondence, organizational documents, clients' records and financial dealings and other confidential information which are solely the property of Ally and its clients;

(b)     Loss of confidentially of clients' records and financial dealings, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation;

(c)     Loss of personnel, damage to office stability, and a threat to the enforcement of reasonable policies and procedures aimed at protecting Ally from the above mentioned unlawful activities;

(d)     Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable; and

(e)     Ally has no adequate remedy at law.

**WHEREFORE**, Ally respectfully requests that:

(1)    A Temporary Restraining Order and/or Preliminary Injunction issue immediately, enjoining Defendant, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Defendant, until hearing and thereafter until further Order of this Court, from:

(a)    using, disclosing, disseminating, or transmitting for any purpose, any and all of Ally's proprietary and confidential information improperly obtained by Defendant, including, but not limited to, organizational charts for GMAC's foreclosure operations; numerous confidential internal emails not addressed to her attention, including emails consisting of an attorney-client privileged nature; and customer information for GMAC mortgage accounts not assigned to her, which included account numbers, customer names and addresses; and

(b)    destroying, erasing, or otherwise making unavailable for further proceedings in this matter, any records, telephonic records, or documents (including data or information maintained in computer media) in Defendant's possession, custody, or control which were obtained from or contain information derived from any of Ally's proprietary and confidential records or information, or which relate to any of the events alleged in the Complaint in this action; and

(c)    Any and all other such acts as this Court deems appropriate for injunctive relief.

(2)    Defendant, and anyone acting in concert or participation with Defendant, specifically including Defendant's counsel and any agent, employee or representative of Defendant, be further ordered to within forty-eight (48) hours of notice to Defendant or her

counsel of the terms of the Court's Order: a) identify and return to Ally's counsel any and all proprietary and confidential records, documents and/or other types of information pertaining to Ally or GMAC, whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form; and b) identify any and all individuals, companies or organizations to whom Defendant disclosed, disseminated, or transmitted for any purpose, any such documents and/or information.

(3)      Defendant shall identify and produce to Ally her passwords and/or credentials to all web based e-mail accounts and/or cloud, web-based, and/or electronic storage databases, including but not limited to her Yahoo e-mail account, which contain any documents of any kind relating to Ally or GMAC, within forty-eight (48) hours of notice to Defendant or her counsel of the terms of the Court's Order.

(4)      Any and all proprietary and confidential information within the possession, custody or control of Defendant that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraphs 2 and 3 above be permanently deleted by an Ally representative.   Such proprietary and confidential information shall be permanently deleted, if possible without affecting any other information or software on the computer.   Defendant, and anyone acting in concert with Defendant, is precluded from reconstituting or in any way restoring any proprietary and confidential information deleted pursuant to this paragraph and returned to Ally pursuant to paragraphs 2 and 3 above.

(5)      costs of suit and attorney's fees be awarded; and

(6)      such other and further relief be awarded as the Court deems just and equitable.

7

## COUNT TWO
## Misappropriation of Trade Secrets

24.     Ally repeats and incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

25.     The organizational charts, privileged internal correspondence, the confidential information contained therein, and especially customer information are subject to protection under the Pennsylvania Trade Secret Act. See 53 Pa. Cons. Stat. Ann. § 5301 *et seq.*

26.     Ally's confidential information is obviously of high value to Ally as it serves as the basis for developing, maintaining, and servicing its customers. Such information gives Ally an opportunity to obtain a competitive advantage over other competitors who do not know or have access to the contents of this customer information or privileged internal correspondence.

27.     Ally has taken more than adequate measures under the circumstances to maintain the secrecy of this information, including maintaining confidentiality policies prohibiting, inter alia, the use and disclosure of such information outside of Ally.

28.     Upon information and belief, Defendant has used and/or is presently misusing Ally's confidential information by disseminating it to third parties for the sole purpose of harming the reputation and good will of Ally.

29.     The foregoing conduct of the Defendant constitutes a misappropriation and misuse of Ally's confidential, trade secret information in violation of Pennsylvania law. See 53 Pa. Cons. Stat. Ann. § 5301 *et seq.*

30.     As a consequence of the foregoing, Ally has suffered and will continue to suffer irreparable loss.

8

## COUNT THREE
### Conversion

31.     Ally repeats and incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

32.     The foregoing conduct of Defendant constitutes a conversion of Ally's proprietary and confidential business information, Ally's property, and Ally's proprietary rights and interests.

33.     As a result of Defendant's unlawful conversion, Ally has suffered and/or will continue to suffer irreparable loss, including damage to business reputation and good will and other damages.

34.     Unless Defendant is restrained and enjoined from converting property of Ally to its own unlawful use, Ally will continue to suffer immediate and irreparable injury and harm for which there is no adequate remedy at law.

## COUNT FOUR
### Violation of Duty of Loyalty

35.     Ally repeats and incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

36.     During the time that she was employed at Ally, Defendant violated her duty of loyalty and did not act in Ally's best interests.

37.     Defendant also violated her duty of loyalty to Ally by failing to act for the furtherance and advancement of her employer, solely for the benefit of her employer.

38.     Defendant specifically violated her duty of loyalty to Ally by simultaneously maintaining a legal practice as a "Foreclosure Defense" attorney while she was employed as a

Foreclosure Specialist with Ally's subsidiary GMAC, and intentionally failed to disclose to Ally said dual employment.

39.   Defendant further violated her duty of loyalty to Ally by improperly forwarding the company's proprietary and confidential information to her personal email account which, upon information and belief has been subsequently disseminated to third parties.

40.   As a direct and proximate result thereof, Ally has been injured and sustained irreparable harm and damages.

## COUNT FIVE
## Commercial Disparagement

41.   Ally repeats and incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

42.   Upon information and belief, Defendant has used and/or is presently misusing Ally's confidential information by disseminating it to third parties accompanied by false statements concerning or about Ally for the sole purpose of harming the reputation and good will of Ally.

43.   The foregoing conduct of the Defendant constitutes commercial disparagement in that:

      a.) the Defendant knew her statements to third parties concerning or about Ally were false and/or through such actions acted in reckless disregard of the truth;

      b.) the Defendant intended her statements to third parties to cause financial loss to Ally or reasonably should have recognized that her statements to third parties would result in financial loss; and

      c.) Ally has suffered incalculable financial loss as a result of Defendant's false statements to third parties concerning or about Ally.

## COUNT SIX
## Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030

44.    Ally repeats and incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

45.    Defendant knowingly and within intent to defraud, accessed Ally's protected computers and exceeded such authorizations as may have been granted, and as a result, obtained valuable data thus furthering the intended fraudulent conduct, all within the meaning of 18 U.S.C. § 1030.

46.    As a result of Defendant's conduct, Ally has sustained damage or loss of not less than $5,000.00, within the meaning of 18 U.S.C. § 1030.  Ally has suffered and will continue to suffer substantial losses in excess of $5,000.00, including but not limited to losses sustained in responding to Defendant's actions, investigating Defendant's actions and taking remedial steps to prevent Defendant's further offenses.

47.    Defendant's misappropriation of Ally's valuable trade secrets and proprietary and confidential information has caused Ally damages in an amount which may not be determinable, and as a result Ally has suffered and continues to suffer irreparable injury in the loss of revenue and good will.

48.    Defendant's continued dissemination to third parties of Ally's valuable trade secrets and proprietary and confidential information is causing and will continue to cause Ally to suffer damages to its business that may be incalculable and for which there is no adequate remedy at law.

49.    Based upon the foregoing, Ally is entitled to, among other things, an injunction prohibiting Defendant from further use and disclosure of Ally's trade secrets and proprietary and confidential information and directing Defendant to identify Ally's trade secrets and proprietary

11

and confidential information in her custody, control, or possession and return to Ally such trade secrets and proprietary and confidential information.

**WHEREFORE,** by virtue of the foregoing acts complained of in Counts Two, Three, Four, Five, and Six, Plaintiff Ally Financial Inc., demands judgment in its favor against the Defendant, and seeks:

(1)      Entry of judgment in favor of Plaintiff and against Defendant in an amount to be proved at trial, including compensatory damages, punitive damages, interest, costs and expenses, including reasonable attorney's fees; and

(2)      Grant such other and further relief as the nature of the cause may require.

Respectfully submitted,

BY: _____

Rick Grimaldi (PA 49516)
Lori E. Halber (PA 80762)
Alexander Nemiroff (PA 92250)
JACKSON LEWIS, LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, Pennsylvania 19102-1317
(267) 319-7802

Dated:  July 26, 2011

Attorneys for Plaintiff

<u>VERIFICATION</u>

I, Cathy L. Quenneville, am the Corporate Secretary of Ally Financial Inc., and I am authorized to make this verification on its behalf. I hereby verify that the matters set forth in the foregoing Verified Complaint are true and correct to the best of my knowledge, information and belief.


BY: _____
Cathy L. Quenneville

Dated: July 26, 2011


4846-7785-3450, v. 1