

**HB**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLY FINANCIAL INC. | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| TANYA L. BLACKWELL | : 11-cv-4694 |
| Defendant. | : |

## EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

1. Plaintiff Ally Financial Inc. ("Ally") respectfully moves this Court for a Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure.

2. Contemporaneously herewith, Ally filed a Verified Complaint with the Court in support hereof. True and correct copies of the Verified Complaint is submitted herewith and made a part hereof by reference.

3. As stated in Ally's Verified Complaint, Defendant has improperly obtained and converted Ally's proprietary and confidential company information including client information, has violated the express provisions of Ally's Conflict of Interest Questionnaire and Ally's Code of Conduct and Ethics, and has breached her duty of loyalty to Ally. Upon information and belief, Defendant further disseminated Ally's proprietary and confidential company information with the intent of causing irreparable harm to Ally.

4. For the reasons stated in Ally's Verified Complaint, unless Defendant is enjoined from converting Ally's property to her own use and from disseminating such information to third parties, Ally will be irreparably harmed by:

(a) Disclosure of privileged internal emails and correspondence, organizational documents, clients' records and financial dealings and other confidential information which are solely the property of Ally and its clients;

(b) Loss of confidentiality of clients' records and financial dealings, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation;

(c) Loss of personnel, damage to office stability, and a threat to the enforcement of reasonable policies and procedures aimed at protecting Ally from the above unlawful activities; and

(d) Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

5. Ally has no adequate remedy at law.

**WHEREFORE,** Ally respectfully prays that this Court **ORDER** and **DECREE** that:

1. Defendant be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of Defendant, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a) using, disclosing, disseminating, or transmitting for any purpose, any and all of Ally's proprietary and confidential information improperly obtained by Defendant, including, but not limited to, organizational charts for GMAC's foreclosure operations; numerous confidential internal emails not addressed to her attention, including emails consisting of an attorney-client privileged nature; and customer information for GMAC mortgage accounts not assigned to her, which included account numbers, customer names and addresses; and

(b) destroying, erasing, or otherwise making unavailable for further proceedings in this matter, any records, telephonic records, or documents (including data or information maintained in computer media) in Defendant's possession, custody, or control which were obtained from or contain information derived from any of Ally's proprietary and confidential records or information, or which relate to any of the events alleged in the Complaint in this action.

2. Defendant, and anyone acting in concert or participation with Defendant, specifically including Defendant's counsel and any agent, employee or representative of Defendant, be further ordered to within forty-eight (48) hours of notice to Defendant or her counsel of the terms of the Court's Order: a) identify and return to Ally's counsel any and all proprietary and confidential records, documents and/or other types of information pertaining to Ally or GMAC, whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form; and b) identify any and all individuals, companies or organizations to whom Defendant disclosed, disseminated, or transmitted for any purpose, any such documents and/or information.

3. Defendant identify and produce to Ally her passwords and/or credentials to all web based e-mail accounts and/or cloud, web-based, and/or electronic storage databases, including but not limited to her Yahoo e-mail account, which contain any documents of any kind relating to Ally or GMAC, within forty-eight (48) hours of notice to Defendant or her counsel of the terms of the Court's Order.

4. Any and all proprietary and confidential information within the possession, custody or control of Defendant that is contained in any computerized form, including on

computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraphs 2 and 3 above be permanently deleted by an Ally representative. Such proprietary and confidential information shall be permanently deleted, if possible without affecting any other information or software on the computer. Defendant, and anyone acting in concert with Defendant, is precluded from reconstituting or in any way restoring any proprietary and confidential information deleted pursuant to this paragraph and returned to Ally pursuant to paragraphs 2 and 3 above.

5. The Court's Order remains in full force and effect until such time as this Court specifically orders otherwise.

6. The parties be granted leave to commence discovery, including depositions, interrogatories, and requests for production of documents immediately in aid of any preliminary injunction proceedings before the Court.

Respectfully submitted,

BY: _____
Rick Grimaldi (PA 49516)
Lori E. Halber (PA 80762)
Alexander Nemiroff (PA 92250)
JACKSON LEWIS, LLP
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, Pennsylvania 19102-1317
(267) 319-7802

Attorneys for Plaintiff

Dated: July 26, 2011

4826-5187-3802, v. 1